## SET-OFF.

SIMSON, appellant, *v.* HART, respondent, 14 J. R. 63–78.

In Ch. 1 J. C. R. 93–99.

*Set-off of Judgments ; Jurisdiction of Chancery ; Res Judicata.*

THE appellant Simson, plaintiff in the Court of Chancery, obtained a judgment in December, 1813, against Hart, the respondent, and one E. Hart, in the Mayor's Court of the city of New York, for $4,385, for an assault and battery; and the respondent Hart, in a cross suit, afterwards, at the same term, obtained a judgment against the appellant for $500 for an assault. The appellant then moved the Mayor's Court on affidavits, to stay the proceedings of the respondent on his judgment for $500, and to set-off the same against so much of his judgment, offering to enter a *remittitur* therefor. The Mayor's Court refused the set-off.

The appellant then filed his bill stating these facts, and that E. Hart, the other defendant was insolvent, &c., and that the respondent was confined within the limits of the jail of the city of New York, and prayed that the set-off might be allowed, and an injunction might issue to restrain

the respondent from proceeding on his judgment. The re-- spondent having put in his answer, stating the application of the appellant to the Mayor's Court for the set-off, which respondent had resisted; the cause came on before the Chancellor, on a motion to dissolve the injunction, which had been granted on filing the bill.

The Chancellor held that the bill could not be sustained, as the matter was already *res judicata* by the decision of the Mayor's Court upon the motion for a set-off; and that the Court of Chancery had no jurisdiction to re-examine their judgment, and he accordingly granted the motion. From this order dissolving the injunction, the plaintiff below appealed to the Court of Errors.

Platt, J., delivered an opinion in favor of affirmance; maintaining that the Chancellor had properly disclaimed jurisdiction in the case, after the decision of the Mayor's Court upon the question of set-off. He also held that the *new fact* relied on, as not stated on the application in that court, viz.; that there were several unsatisfied judgments against E. Hart, the other defendant, docketed before that of the appellant, was one which existed before the motion was made; and that not having chosen to avail himself of it then, it could leave no claim to the interposition of the Court of Chancery. Van Ness, J., concurred in those views.

Spencer, J., delivered the opposite and prevailing opinion in the cause. He said:

" There are two points for the consideration of the court:

1. Was the appellant entitled to the relief prayed for in his bill, independently of his application to the Mayor's Court of New York, and if that application had not been made?

2. Is the decision of the Mayor's Court such a determination as precludes a court of equity from entertaining the question and affording the relief sought for.

" The Chancellor, in assigning his reasons for dismissing the appellant's bill, has not discussed the first question, nor was it necessary for him to do so. Holding a different opinion on the *second* point, it is necessary for me to consider both.

" I have no hesitation in saying that Chancery had origi-

nal and rightful jurisdiction of the suit; and was fully authorized, by a series of adjudged cases, in issuing a perpetual injunction against the respondents' suing out execution on his judgment, on appellants entering satisfaction *pro tanto;* or which would have produced the same result, decreeing that the respondent should acknowledge satisfaction of his judgment upon the like terms.

" There is no force in the objection that the judgments are not in the same right; it is well settled that although the demands as being joint and several, are not strictly speaking due in the same right, yet if the legal or equitable liabilities or claims of money become vested in or may be urged against one, they may be set off against separate demands, and *vice versâ;* (Bull. N. P. 336; 2 H. Bl. 587; 4 T. R. 123,) and in some of the cases, this was done without any pretence of insolvency in either of the parties.

" The objection is equally untenable that the judgment of the appellant being for a *tort,* the respondent's judgment ought not to be set off and deducted therefrom, because there is no contribution among trespassers. The respondent owes the whole judgment, and the appellant might, if he saw fit, enforce it against him alone."

" I am not aware that thus far, I have advanced any opinion in opposition to that of the Chancellor; but I am under the necessity of differing from him as to the remaining point. I can not assent to the opinion that the decision on the motion in the Mayor's Court, ousted the jurisdiction of a court of equity, upon the principle that it was *res judicata;* or on the ground of comity.

" Upon authority, it seems to me that the decision of the Mayor's Court was not decisive of the question. 7 Ves. jr. 14, 15; 5 id. 108; Rep. Temp. Finch, 472. Were it necessary, to uphold the jurisdiction of the Court of Chancery, in this case, the new fact, stated substantially in the bill, that E. Hart was also insolvent, would seem to put that question beyond doubt; for certainly the decision on the summary application, ought to have no greater effect in ousting the Court of Chancery of its jurisdiction, than it would have upon the court which made the decision; and it appears to me that even that court, on another application, by bringing be-

fore it, that additional fact, might and ought to entertain the question a second time.

I perfectly subscribe to the proposition, that the judgment of a court of competent jurisdiction, upon a matter within its cognizance, is final and conclusive, unless appealed from, and reversed or vacated. But this rule does not in my apprehension embrace this case, because it has no quality of a judgment.

"I do not therefore differ from his honor the Chancellor in his principles. I dissent only in the application of acknowledged principles to this particular case. My opinion is, that the appeal decreed from ought to be reversed."

Thompson, Ch. J., and Yates, J., were of the same opinion. Order of the Chancellor *reversed*, with costs to be taxed, and "proceedings remitted to the end that the set-off in the pleadings in the cause may be allowed," &c.

For *reversal* 21, for *affirmance* 8.